**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x
SIX L'S PACKING, INC., et al.,                    :
                                                  :
                      Plaintiffs,                 :
                                                  :       11 Civ. 2944 (RMB) (FM)
          - against -                             :
                                                  :       **ORDER**
THE ALPHAS COMPANY OF NEW                         :
YORK, et al.,                                     :
                                                  :
                      Defendants.                 :
-----------------------------------------------------x

Having reviewed the record herein, including **(i)** the first amended complaint, filed

January 27, 2012 by Six L's Packing Company, Inc. and Amco Produce Company, Inc.

(collectively, "Plaintiffs") against the Alphas Company of New York, Inc., Alphas Company,

Inc. (together, "Alphas Company") and Alphas Company officers and directors Peter Alphas and

Yanni Alphas a/k/a John Alphas (collectively, "Defendants"), alleging, among other things, that

Defendants failed to pay Plaintiffs for shipments of produce in violation of their contracts and of

the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499(a)–(t) (see First

Am. Compl., dated Jan. 27, 2012 ("Compl."), ¶¶ 9–20, 35, 39) and seeking money damages,[1]

(see Compl. at pp. 10–11.)  Under PACA, "perishable commodities or proceeds from the sale of

those commodities are held in trust [("Trust Assets")] by the buyer for the benefit of the unpaid

seller until full payment is made."  Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 705

(2d Cir. 2007); see 7 U.S.C. § 499e(c); **(ii)** the temporary restraining order entered by the Court,

dated January 26, 2012, restraining Defendants from "any consummation of a sale of assets"

--------------------------------------------------

[1]     By letter dated February 2, 2012, Eagle Produce LLC d/b/a Martori Farms stated that it
was "preparing a complaint in intervention and a motion to intervene in this . . . action" and
would assert "equal rights to the existing plaintiffs to enforce payment for the statutory trust res
held by Defendants."  (See Ltr. from M. Handel to Hon. R. Berman, dated Feb. 2, 2012.)

(Hr'g Tr. at 7:20–24); **(iii)** the Order to Show Cause, dated January 26, 2012, directing Defendants to show cause why a preliminary injunction should not be entered enjoining them "from paying, withdrawing, transferring, assigning or selling any and all existing PACA trust assets or otherwise disposing of corporate or personal assets to any creditors, persons or entities" (Order to Show Cause, dated Jan. 27, 2012, at 1); **(iv)** Plaintiffs' memorandum of law in support of a preliminary injunction, dated January 26, 2012, arguing, among other things, that "Defendants' dissipation and continued dissipation of Plaintiffs' trust assets is wrongful and in violation of Plaintiffs' trust rights" (Pls. Mem. of Law in Supp. of Application for Temp. Restraining Order ("Pls. Mem."), dated Jan. 27, 2012, at 2); Defendants' opposition, filed January 30, 2012, arguing, among other things, that "[t]his matter is not subject to PACA provisions, and therefore no injunction sought under PACA rules should be granted" (Defs. Opp'n to Order to Show Cause Seeking Injunctive Relief ("Defs. Opp'n"), dated Jan. 30, 2012, at 2); Plaintiffs' reply, filed February 3, 2012 (Pls. Reply); **(v)** the parties' joint letter, dated February 1, 2012, stating that "all parties to this matter consent to have this matter decided on the papers and waive oral argument" (Ltr. From T. Aljian, Jr. to Hon. R. Berman, dated Feb. 1, 2012); and **(vi)** applicable legal authorities, **the Court hereby enters a preliminary injunction against Defendants** for the following reasons:

A preliminary injunction is appropriate because Plaintiffs have made an appropriate showing that they face irreparable harm and have a likelihood of success on the merits.  See Ger-Nis Int'l, LLC v. FJB, Inc., No. 07 Civ. 898, 2007 WL 656851, at *1 (S.D.N.Y. Mar. 1, 2007); JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir. 1990).

2

**Irreparable Harm**

The risk that Defendants will dissipate the Trust Assets constitutes irreparable harm.  See Bonell Produce Co. v. Chloe Foods, Inc., No. 08-CV-4218, 2008 WL 4951942, at *4 (E.D.N.Y. Nov. 19, 2008); 7 C.F.R. § 46.46 ("'Dissipation' means any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions.") Plaintiffs persuasively argue that, because of "the virtual impossibility of recovering PACA trust assets once they have been dissipated or transferred to third parties[,] . . . the loss to Plaintiffs and other trust creditors [would be] irreparable." (Pls. Mem. at 12–13); see Horizon Mktg. v. Kingdom Int'l Ltd., 244 F. Supp. 2d 131, 140 (E.D.N.Y. 2003); Basciani Foods, Inc. v. Mid Island Wholesale Fruit and Produce, Inc., No. 09-CV-4585, 2009 WL 3756603, at *1–2 (E.D.N.Y. Nov. 3, 2009); see also Coosemans Specialties, Inc., 485 F.3d at 706; Bonell Produce, 2008 WL 4951942, at *4.  In addition,

- Defendants already have begun to dissipate the Trust Assets by failing to pay Plaintiffs and "appear to be unable to pay due to the dissipated condition of the PACA trust res and pending sale of the [Alphas] Company" (Pls. Mem. at 3, 12 (emphasis in original); see Decl. of Mark Ricci in Supp. of Temp. Restraining Order ("Ricci Decl."), dated Feb. 1, 2012, ¶¶ 17–19; Decl. of Bo Bates in Supp. or Temp. Restraining Order ("Bates Decl."), dated Feb. 1, 2012, ¶¶ 18–20);

- Defendants "continue to dissipate the [T]rust [A]ssets to entities other than the rightful owners of the PACA trust's beneficial interests" by, among other things, making disbursements to Peter Alphas and Yanni Alphas, and making payments to "Defendants' truck fleet lessors, secured lenders, payroll obligations, landlord, [and] utilities" (Pls. Mem. at 3; see Ricci Decl. at ¶¶ 17–19; Bates Decl. at ¶¶ 18–20);

- Defendants "admit to owing Plaintiffs for the sales of [p]roduce but have not shown any evidence that PACA [t]rust funds are set aside and available to Plaintiffs" (Pls. Reply at 7; see Defs. Opp'n at 8); and

- Defendants have a "cash crunch issue" (Hr'g Tr. at 2:17–22; see Ricci Decl. at ¶¶ 16–19; Bates Decl. at ¶¶ 17–20.)

3

**Likelihood of Success on the Merits**

Plaintiffs have shown a likelihood of success on the merits because they have demonstrated that (1) the commodities sold were perishable agricultural produce (see Compl. ¶ 2; Ricci Decl. at ¶ 9; Bates Decl. at ¶ 9); (2) Defendants were dealers and brokers within the meaning of PACA (see Compl. ¶¶ 4–5); (3) the transactions occurred in interstate commerce (see Defs. Opp'n at Exs. A–C; Ricci Decl. at ¶ 9; Bates Decl. at ¶ 9); (4) Plaintiffs have not received full payment on the transactions (see Compl. ¶¶ 9–20; Defs. Opp'n at 8); and (5) Plaintiffs have "properly preserved [their] trust claim by affixing the required notice language on the face of their invoices and serving the same on the [Defendants]," (Pls. Mem. at 11; see Pls. Reply at 3, Exs. B, E; Ricci Decl. at ¶¶ 6–10; Bates Decl. at ¶¶ 6–10.)  See Ger-Nis Int'l, 2007 WL 656851, at *2; D'Arrigo Bros. Co. of N.Y., Inc. v. Garden State Produce Co., No. 09 Civ. 4185, 2010 WL 3448004, at *2 (S.D.N.Y. Aug. 18, 2010); 7 U.S.C. § 499e.

Defendants' argument that the PACA trust provisions do not apply to "price after sale" or "open price" contracts is unpersuasive.[2]  (Defs. Opp'n at 5–7.)  For one thing, it is not clear that the transactions were based on "open price" or "price after sale" contracts.  (see Defs. Opp'n at 6–7; Pls. Reply at 4–5; Ricci Decl. at 11–15; Bates Decl. at ¶¶ 11–16); Brutyn, 2007 WL 1959178, at *3.  For another, courts have held that the PACA trust protections apply to contracts, as here, where the parties "re-negotiate" the price after delivery of the goods based on challenges to the quality of the goods.  See Taylor & Fulton Packing, LLC v. Marco Int'l Foods, LLC, No. 09–cv–2614, 2011 WL 6329194, at *6 (E.D.N.Y. Dec. 16, 2011); Brutyn, 2007 WL 1959178, at

---

[2]      "In the produce industry, the term[] 'open price' or 'price after sale' assumes that the parties will negotiate a price after the goods are sold by the buyer of the produce."  Brutyn, N.V. v. Anthony Gagliano Co., No. 04-C-527, 2007 WL 1959178, at *3 (E.D.Wis. July 2, 2007).

*20–21; (Defs. Opp'n at 6–7); see also Order, dated July 30, 2009 in <u>Dimare Homestead, Inc. v. The Alphas Co. of N.Y.</u>, No. 09-cv-6644 (S.D.N.Y.).[3]

### Conclusion and Order

For the reasons set forth above, Defendants are enjoined during the pendency of this action from paying, withdrawing, transferring, assigning or selling any and all existing PACA Trust Assets or otherwise disposing of corporate or personal assets to any creditors, persons, or entities pending further order of this Court or until Defendants pay into the Court Registry Investment System the sum of $94,000.00. (See Pls. Mem. at 9); <u>Quantum Corp. Funding, Ltd. v. Assist You Home Health Care Servs. of Va.</u>, 144 F. Supp. 2d 241, 250 (S.D.N.Y. 2001).

Dated: New York, New York
      February 15, 2012

                                    **RICHARD M. BERMAN, U.S.D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/15/12

---

[3]     Defendants appear to rely upon a 7th Circuit decision in <u>Tom Lange Co. v. A. Gagliano Co.</u>, 61 F.3d 1305, 1310 (7th Cir. 1995) for the proposition that a PACA trust does not apply to "open price" or "price after sale" transactions. (See Defs. Opp'n at 5–6.) <u>Tom Lange</u> is inapposite because, among other things, it did not involve PACA trust provisions. See <u>Tom Lange</u>, 61 F.3d 1307–08.